IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER RAPHAEL LARA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-16-3322 |
| | § | |
| NANCY A. BERRYHILL, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court[1] in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 15) and Defendant's Cross Motion for Summary Judgment and Memorandum of Law in Support (Document No. 16). After considering the cross motions for summary judgment, Defendant's Response to Plaintiff's Motion for Summary Judgment (Document No. 17), the administrative record, the written decision of the Administrative Law Judge dated November 19, 2015, and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion for Summary Judgment is GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, and the decision of the Commissioner is AFFIRMED.

---

[1] On April 14, 2017, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 9.

## I.  Introduction

Plaintiff Alexander Raphael Lara ("Lara") brings this action pursuant to Section 205(g) of

the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of an adverse final

decision of the Commissioner of the Social Security Administration ("Commissioner") on his claim

for disability insurance benefits.  In one claim, Lara argues that "Defendant failed to consider all of

the evidence." The Commissioner, in contrast, argues that there is substantial evidence in the record

to support the ALJ's decision, that the decision comports with applicable law, and that the decision

should be affirmed.

## II.  Procedural History

On or about December 23, 2013, Lara filed an application for disability insurance benefits

("DIB"), claiming that he had been unable to work since July 30, 2013, as a result of post-traumatic

stress disorder, anxiety, depression, a back injury, arthritis, and photophobia (Tr. 277-279; 337).  The

Social Security Administration denied his application at the initial and reconsideration stages.  After

that, Lara requested a hearing before an ALJ.  The Social Security Administration granted his request

and the ALJ, Mary Elizabeth Johnson, held a hearing on January 7, 2015, at which Lara's claims

were considered *de novo*.  (Tr. 34-69).  Thereafter, on January 26, 2015, the ALJ issued her decision

finding Lara not disabled.  (Tr. 125-135).

Lara sought review of the ALJ's adverse decision with the Appeals Council.  The Appeals

Council will grant a request to review an ALJ's decision if any of the following circumstances are

present:  (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in

reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or

conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 416.1470. On May 13, 2015, the Appeals Council granted Lara's request for review and remanded the case to an Administrative Law Judge for further evaluation (Tr. 141-142). Upon remand, a psychological evaluation was conducted of Lara by J.L. Patterson, Ph.D., and a subsequent hearing was held before ALJ Robert N. Burdette on October 15, 2015. On November 19, 2015, ALJ Burdette issued his decision finding Lara not disabled (Tr. 12-26). The Appeals Council subsequently found no further basis for review (Tr. 1-3), and the ALJ's November 19, 2015, decision thus became final.

Lara filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g). Both sides have filed a Motion for Summary Judgment. The appeal is now ripe for ruling.

III.    Standard for Review of Agency Decision

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor

3

substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

## IV.    Burden of Proof

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be so severe as to

4

limit the claimant in the following manner:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied to work.

42 U.S.C. § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if he is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

> The Commissioner applies a five-step sequential process to decide disability status:

> 1.  If the claimant is presently working, a finding of "not disabled" must be made;

> 2.  If the claimant does not have a "severe impairment" or combination of impairments, he will not be found disabled;

> 3.  If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

> 4.  If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

> 5.  If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into consideration his age, education, past work experience and residual functional capacity, he will be found disabled.

*Anthony*, 954 F.2d at 293; *see also Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under this framework, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work.

5

*McQueen v. Apfel,* 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett,* 67 F.3d at 563.

Here, the ALJ found at step one that Lara had not engaged in substantial gainful employment since July 30, 2013 – his alleged onset date (Tr. 14). At step two, the ALJ determined that Lara had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, and post traumatic stress disorder, with Lara's post traumatic stress disorder encompassing both Lara's depression and anxiety symptoms (Tr. 15). At step three, the ALJ concluded that Lara did not have an impairment or a combination of impairments that met or equaled a listed impairment, including Listing 12.06 (Tr. 16-18). Prior to consideration of steps four and five, the ALJ determined that Lara had the "residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except, he can stand and walk six out of eight hours and sit six out of eight hours. He can lift and carry, push and pull, 20 pounds occasionally and 10 pounds frequently. The claimant is limited to occasional bilateral use of foot pedals. He can never use ropes, ladders, or scaffolds. The claimant is occasional in terms of stairs, stooping, kneeling, crouching, and crawling. The vocational environment would need to have a noise level no louder than moderate, such as typewriters; light traffic. He is limited to one - to two-step tasks only. There can be no more than occasional interaction with either the public or with coworkers. The claimant would be off task secondary to a reduction in concentration for one hour out of every eight-hour day." (Tr. 18). Using that residual functional capacity assessment, the ALJ concluded, at step four, that Lara could not perform his past work. At step five, using that same residual functional capacity assessment, and relying on the testimony of a vocational

expert, the ALJ concluded that there were jobs in significant numbers in the regional and national economy that Lara could perform, including photo machine operator, office helper, and surveillance monitor, and that Lara was, therefore, not disabled.

In this appeal, Lara argues that the ALJ did not consider all the evidence, particularly that related to his depression.

V. **Discussion**

In one, somewhat discrete issue, Lara maintains that the ALJ erred by not fully considering his depression and by failing to determine whether his depression met Listing 12.04. The Commissioner, in response, argues that:

> While the ALJ did not consider Plaintiff's depression under Listing 12.04, he did consider his anxiety under Listing 12.06. As is relevant here, the Paragraph B criteria for Listing 12.04 is identical to the Paragraph B criteria under Listing 12.06. The ALJ determined that Plaintiff had a mild restriction in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence or pace, and no episodes of decompensation (Tr. 17). Because the ALJ has already assessed Plaintiff's functioning in these areas, remanding the case for the ALJ to consider the same criteria based on the exact same medical evidence would not end with a different result. Thus, any failure on the part of the ALJ to consider Listing 12.04 is harmless error.

Defendant's Reply (Document No. 17) at 1-2.

The ALJ specifically stated in his November 19, 2015, decision that Lara's "alleged depression and anxiety symptoms were considered in the context of his post-traumatic stress disorder." (Tr. 15, note 1). In so doing the ALJ focused, at step three, on Listing 12.06 for "anxiety-related disorders." Lara does not contest, or otherwise dispute, the ALJ's determinations relative to Listing 12.06. In addition, Lara does not contest, or otherwise dispute, the ALJ's determinations that

he has mild restriction in the activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. Instead, all Lara complains of in this appeal is the ALJ's failure to consider his depression and make a determination of whether his depression met Listing 12.04.

As argued by the Commissioner, the ALJ's failure to explicitly consider and assess Lara's depression under Listing 12.04 was harmless. An error is harmless if it does not "affect the substantial rights of a party," *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012), or when it "is inconceivable that the ALJ would have reached a different conclusion" absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003); *Bornette v. Barnhart*, 466 F.Supp.2d 811, 816 (E.D. Tex. 2006) ("Harmless error exits when it is inconceivable that a different administrative conclusion would have been reached absent the error.").

Listings 12.04 and 12.06 both require that the claimant either meet the criteria in paragraph A *and* the criteria in paragraph B, or satisfy the criteria in paragraph C. No argument has been made, nor could one be on this record, that Lara met the paragraph C criteria for Listing 12.04, which requires:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
> 1. Repeated episodes of decompensation, each of extended duration; or
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

As for the alternative means of meeting Listing 12.04, by satisfying both the paragraph A and the

paragraph B criteria, the ALJ's determinations in connection with paragraph B of Listing 12.06, unchallenged by Lara in this appeal – that Lara had mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation – apply with equal force to the paragraph B criteria in Listing 12.04. That means, for all intents and purposes, that Lara could not be found by the ALJ to meet Listing 12.04 in any event. The paragraph B criteria for Listing 12.04 and 12.06 is identical, with both paragraph B of 12.04 and 12.06 requiring that a claimant have at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration;

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04, 12.06. Given Lara's mild restriction in activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace and no episodes of decompensation, Lara could not meet the paragraph B criteria of Listing 12.04 any more than he was specifically found by the ALJ not to have met the paragraph B criteria of Listing 12.06. The ALJ's failure to specifically consider and evaluate Lara under Listing 12.04 was, consequently, harmless and Lara's challenge to the Commissioner's decision has no substantive merit. There being no other challenge by Lara in this appeal to the Commissioner's decision, that decision will be affirmed.

9

## VI.     Conclusion and Order

Based on the foregoing, and the determination that the ALJ's failure to consider and discuss Lara's depression at step three under Listing 12.04 was harmless, it is

ORDERED that Defendant's Motion for Summary Judgment (Document No. 16) is GRANTED, Plaintiff's Motion for Summary Judgment (Document No. 15) is DENIED, and decision of the Commissioner is AFFIRMED.

Signed at Houston, Texas, this 28th day of November, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE